# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

COREY JOHNSON,

    Plaintiff

v.

STATE OF NEVADA DEPT. of PAROLE &
PROBATION, et al.,

    Defendants

Case No.: 2:20-cv-01627-APG-VCF

**Order**

Plaintiff Corey Johnson is in the custody of the Nevada Department of Corrections (NDOC). He has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. ECF Nos. 1-1, 4. He also has filed a "Petition for Official Judicial Review & Emergency Preliminary Injunction." ECF No. 5, 6. I now screen Johnson's complaint under 28 U.S.C. § 1915A and address his petition and application to proceed *in forma pauperis*.

## I.	Application to Proceed *In Forma Pauperis*

Johnson is not able to pay an initial installment payment toward the full filing fee. The application to proceed *in forma pauperis* is therefore granted. Johnson will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

## II.	SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.    SCREENING OF COMPLAINT

Johnson sues multiple defendants for events that allegedly took place while he was incarcerated by the NDCO. ECF No. 1-1 at 1.  He sues the State of Nevada Dept. of Parole and Probation, State of Nevada Dept. of Corrections, Calvin Johnson, Charles Daniels, Darla Foley, Mary K. Baker, S. Conroy, Marquez, Christopher Derrico, and Eric Christiansen. *Id.* at 1-3.

Johnson brings three claim and seeks damages, declaratory relief, and injunctive relief, including recalculation of his release date and immediate release from prison. *Id*. at 7, 10-13.

#### A.   Claim 1

Claim 1 alleges the following: On April 16, 2020, Johnson was arrested for a parole violation by the Las Vegas Metropolitan Police Department. ECF No. 1-1 at 5.  On April 21, 2020, he was transported to High Desert State Prison and placed into NDOC custody. *Id.*  This process was done without the Nevada Division of Parole & Probation conducting a preliminary inquiry hearing to determine if there was probable cause to believe that Johnson committed acts that would constitute a violation. *Id.*  Johnson had a preliminary inquiry hearing on May 21, 2020. *Id.*  The inquiry hearing was conducted telephonically, two cities apart and 24 working days from the date of his arrest, with Johnson in handcuffs. *Id.*  Johnson was given no advance warning or notice so that he could adequately prepare witnesses and documentation. *Id.*  Johnson was not given the opportunity to retain counsel because he was told 30 minutes prior to the hearing to get dressed because Parole was doing a hearing. *Id.*  The speaker phone at the hearing was "defective." *Id.*  Johnson concludes that his right to due process granted by the Fifth Amendment was violated, resulting in a loss of liberty. *Id.*

The Fifth Amendment's Due Process Clause applies to the federal government, not the States, while the Fourteenth Amendment's Due Process Clause applies to the states. *See Castillo*

*v. McFadden,* 399 F.3d 993, 1002 n.5 (9th Cir. 2005).  I therefore construe this claim as a

Fourteenth Amendment due process claim.

Allegations that a defendant violated state or local procedures and regulations are not

sufficient to state a claim for violation of the Fourteenth Amendment's due process clause.

*Swarthout v. Cooke*, 562 U.S. 216, 222 (2011).  In order to state a Fourteenth Amendment due

process claim,  a plaintiff must adequately allege that he was denied a specified liberty interest

and that he was deprived of that liberty interest without the constitutionally required procedures.

*Swarthout*, 562 U.S. at 219.  When there is such a liberty interest or property interest, the only

other issue is whether the plaintiff was deprived of that interest without the constitutionally

required procedures. *Id.*

Johnson alleges he suffered a loss of liberty.  He appears to be claiming that, but for the

alleged errors concerning his preliminary hearing, he would not be in prison.  This necessarily

implies the invalidity of Johnson's confinement in prison or the duration of that confinement.  In

*Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover

damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.  "A

claim for damages bearing that relationship to a conviction or sentence that has not been . . .

invalidated is not cognizable under § 1983." *Id*. at 487.  "Thus, when a state prisoner seeks

damages in a § 1983 suit, the district court must consider whether a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.  The Supreme Court also has held that, regardless of whether a plaintiff is seeking damages, injunctive relief, or declaratory relief, a state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-83 (2005).

Johnson's claim necessarily implies the invalidity of his revocation of parole and consequent incarceration.  It is clear from the complaint that Johnson has not had his revocation of parole and incarceration invalidated.  It therefore dismiss this claim without prejudice and without leave to amend.   If Johnson wishes to pursue the claim presented in Claim 1, he must first have his allegedly improper incarceration either invalidated in state court or invalidated by a federal court in habeas proceedings after he exhausts available state judicial remedies.

**B.  Claim 2**

Claim 2 alleges the following: On March 31, 2017, Johnson was granted parole. ECF No. 1-1 at 6.  At the time he was granted parole, his expiration date was June 25, 2019. *Id.*  Johnson attended a parole revocation hearing on June 25, 2019, and it was determined that his "parole expiration date" had been moved to February 2, 2020 due to forfeiture of good time credit stemming from a parole violation. *Id.*  At this hearing, it was determined that Johnson's parole was not revoked or rescinded and that credits were to be restored. *Id.*  At this hearing, there also was not a charge of absconding. *Id.*  Johnson was given a "reinstatement date" of June 25, 2019 with an October 1, 2019 "release date." *Id.*  All credit was restored and parole was "set to commence." *Id.*

Johnson alleges that the parole and sentence have been "twice expired" and that he should have expired his parole on February 2, 2020. *Id.*  He also alleges that there was never a revocation of parole and that all of his credits were restored. *Id.*  Johnson alleges that he was never charged or convicted as an absconder so his time continually progressed. *Id.*  He maintains that his parole should have expired on February 2, 2020.  *Id*)  Johnson concludes that he suffered a loss of liberty due to a violation of his right to procedural due process ensured by the Fifth Amendment and that he suffered cruel and unusual punishment. *Id.*  I construe the due process claim as a Fourteenth Amendment claim and the cruel and unusual punishment claim as an Eighth Amendment claim.

Officials who detain a person beyond the termination of his sentence may violate that person's rights under the Eighth Amendment if they act with deliberate indifference to the prisoner's liberty interest. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).  Thus, as with his due process claim, in order to prevail on an Eighth Amendment claim, Johnson must prove that he was deprived of his liberty interest in being released from prison at the proper time.

Johnson alleges that he has been deprived of his liberty because he improperly is being held in prison even though his sentence and parole have expired.  Such a claim necessarily challenges the validity of the duration of Johnson's confinement.  As discussed above, in order to pursue and prevail on such a claim, Johnson must show that the fact of his confinement or duration of his confinement has been invalidated by another court. *See Wilkinson*, 544 U.S. 81-83; *Heck v. Humphrey*, 512 U.S. at 486-487.  It is apparent from the complaint that no court has invalidated the fact or duration of Johnson's confinement in prison.  I therefore dismiss this claim without prejudice and without leave to amend.  If Johnson wishes to pursue the claim presented in Claim 2, he must first have his allegedly improper incarceration either invalidated in

state court or invalidated by a federal court in habeas proceedings after he exhausts available state judicial remedies.

### 3. Claim 3

Claim 3 alleges the following: At a parole revocation hearing on June 25, 2019, Johnson was reinstated to parole with a release date of October 1, 2019. ECF No. 1-1 at 7.  While in custody "awaiting release to Community," Johnson was late returning to Casa Grande Transitional Housing and was charged with an escape, and a parole violation "was generated." *Id.*  This incident occurred on August 22, 2019. *Id.*  Johnson alleges that this incident allegedly occurred before he officially was able to begin his parole. *Id.*  Johnson asserts that his "original parole violation was predicated on the criminal charges that were filed resulting from incident." *Id.*  Johnson's parole was revoked due to the allegations and due to Directives and Conduct. *Id.*  The incident happened before Johnson "ever signed Parole Agreement." *Id.*   He was violated for Directives and Conduct that he had never entered into an agreement to comply with. *Id.*  Johnson asserts that he was not "released" on parole and therefore could not have violated parole. *Id.*  "Nevada Process according to NRS 213.123 requires a parolee to sign an agreement before release." *Id.*  Therefore, Johnson's parole was never agreed upon or entered into. *Id.*  He concludes that he suffered a loss of liberty due to a procedural due process violation of the Fifth Amendment. *Id.*  I construe the due process claim as a Fourteenth Amendment clam.

Johnson appears to be alleging that he was deprived of his liberty because his parole was revoked and he was imprisoned even though he was not on parole and therefore could not have violated parole.  As discussed above, in order to pursue and prevail on such a claim, Johnson must show that the fact of his confinement or duration of his confinement previously has been invalidated by another court. *See Wilkinson*, 544 U.S. at 81-83; *Heck v. Humphrey*, 512 U.S. at

486-487.  It is apparent from the complaint that no court has invalidated the fact or duration of Johnson's confinement in prison.  I therefore dismiss this claim without prejudice and without leave to amend.  If Johnson wishes to pursue the claim presented in Claim 3, he must first have his allegedly invalid incarceration either invalidated in state court or invalidated by a federal court in habeas proceedings after he exhausts available state judicial remedies.

**IV.     MOTION FOR PRELIMINARY INJUNCTION**

Johnson has filed a "Petition for Official Judicial Review & Emergency Preliminary Injunction." ECF No. 5, 6.  I construe this as a motion for a preliminary injunction.  Based on allegations similar to those in the complaint, Johnson requests that an order that the NDOC recalculate his credits and immediately release him from custody or, in the alternative, order his placement in home confinement "until matters can be resolved." *Id.* at 8.

A person may not obtain release from custody through a § 1983 action and must instead pursue release through a habeas petition. *Nettles v. Grounds*, 830 F.3d 922, 927–28 (9th Cir. 2016).  Therefore, Johnson may not obtain release from prison in this § 1983 action.

Furthermore, injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).  The court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 23 (internal quotation marks and citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  In addition, there must be a sufficient nexus between the

1   claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint

2   itself.*" *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635–36 (9th Cir.

3   2015).

4       As discussed above, I am dismissing all of Johnson's claims without leave to amend.  He

5   therefore has not shown any likelihood of success, that the balance of equities tips in his favor,

6   and that an injunction is in the public interest.  Moreover, because I am dismissing the entire

7   complaint, Johnson cannot show a nexus between the requested relief and any of the claims in

8   the action.  Accordingly, I deny the motion for preliminary injunctive relief.

9   **V.     CONCLUSION**

10      I hereby order that Johnson's application to proceed *in forma pauperis* **(ECF No. 4) is**

11  **GRANTED**.  Johnson is not required to pay an initial installment fee.  Nevertheless, the full

12  filing fee is still due under 28 U.S.C. § 1915 as amended by the PLRA.

13      I further order that, under 28 U.S.C. § 1915 as amended by the PLRA, the Nevada

14  Department of Corrections shall pay to the Clerk of the United States District Court, District of

15  Nevada, 20% of the preceding month's deposits to the account of Corey Johnson, #95007 (in

16  months that the account exceeds $10.00) until the full $350 filing fee has been paid for this

17  action.  The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for

18  the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

19      I further order that, even though this action is dismissed, the full filing fee is still due,

20  under 28 U.S.C. §1915 as amended by the PLRA.

21      I further order the Clerk of the Court to file the complaint (ECF No. 1-1).

22      I further order that the entire complaint is dismissed without prejudice and without leave

23  to amend.

I further order that the "Petition for Official Judicial Review & Emergency Preliminary Injunction" **(ECF Nos. 5, 6) is denied**.

I further order the Clerk of Court to enter judgment accordingly and close this case. No more documents shall be filed in this closed case.

I certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

Dated: October 19, 2020.

_____
U.S. District Judge